NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD BROWN, | : |
| Plaintiff, | : Civil Action No. 08-06187 (SDW) |
| v. | : **OPINION** |
| JON WINKLE AND BARBARA WINKLE, THOMAS W. ASH, KATHLEEN SETTIMI, MAUREEN SIEGERT, and EUGENE V. BATDORF, | : September 14, 2009 |
| Defendants. | : **CASE CLOSED** |

**WIGENTON**, District Judge.

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) brought by Defendants Barbara Winkle, Thomas Ash, Kathleen Settimi, Maureen Siegert, and Eugene Batdorf ("IRS Defendants). Plaintiff pro se Reginald Brown has not filed any opposition to the Motion. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. The Motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

## I.  Factual and Procedural Background

Defendants, Ash, Siegert, and Batdorf are employees of the United States Internal Revenue Services ("IRS"). Brown owned a home in Plainfield, New Jersey. When Brown failed to pay income taxes, Defendants Ash and Settimi placed a Notice of Lien on Brown's property. (Am. Compl. ¶ 4.) On April 16, 2008, Defendants auctioned Brown's home. (*Id*. ¶ 8.) At the auction, Defendant Jon Winkle was the highest bidder. (*Id*. ¶ 10.) The deed was transferred to the Winkles in October, 2008. (*Id*. ¶ 7.) Brown filed this action on December 15, 2008. Brown

alleges that the IRS Defendants "did not follow proper procedures when they placed a lien on the subject property and auctioned said property." (*Id*. ¶ 11.).  Brown also alleges that although he is a "citizen of New Jersey Republic," (*id*. ¶ 1), he is not a citizen of the United States (*id*. ¶ 3) and that the IRS has no jurisdiction in New Jersey (*id*.).

**II.     Discussion**

The Complaint makes clear that the IRS Defendants were "acting under color of law or legal authority" and were thus acting in their official capacities.  As such, the United States is the proper defendant.  *See Barnard v. Pavlish*, No. 97-CV-0236, 1998 WL 247768 at *1 (M.D. Pa. March 30, 1998), *aff'd* 187 F.3d 625 (3d Cir. 1999) (holding that "any claims against the IRS and/or defendant [the IRS Commissioner] for actions taken in his official capacity as an IRS agent are properly considered as claims against the United States"); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").

The United States argues that sovereign immunity applies to bar Brown's claims against it.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).  Such a waiver "must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 (1969).  Without such consent, the court does not have jurisdiction to hear the suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  A plaintiff cannot overcome sovereign immunity by naming federal agents as defendants in a suit that is properly brought against the United States.  *Larson v. Domestic & Foreign Commerce*

2

*Corp.*, 337 U.S. 682, 688 (1949) (stating "it has long been established that the crucial question is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign).

Brown argues in his Amended Complaint that the United States has waived immunity for this type of suit pursuant to 28 U.S.C. § 2410(a).[1] (Am. Compl. ¶ 11.)  In interpreting § 2410(a), the Ninth Circuit explained:

> [W]hile a taxpayer may contest the procedural validity of a tax lien under § 2410, he may do so only if, at the time the action is commenced, the government still claims a lien or a mortgage on the property.  If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply.

*Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992); *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) (quoting *Hughes*, 953 F.2d at 538); *Felkel v. United States*; 861 F.Supp. 507, 510 (D.S.C. 1994), *aff'd* 61 F.3d 899 (4th Cir. 1995) (noting that "since the [Plaintiff's] property was sold two years before the filing of this action, the United States no longer has nor claims a lien on the property, as required by the plain language of Section 2410.").

Here, the Complaint states that the house was sold at auction in April, 2008 and title was transferred to Defendant Winkle in October, 2008. (Am. Compl. ¶¶ 7–8.).  Brown's original Complaint was filed in December, 2008.  At that time, the United States did not have—or claim to have—"a mortgage or other lien" on Brown's property.  Thus, § 2410(a) does not apply.  As such, the United States has not waived immunity for the current suit and it must be dismissed.

---

[1] 28 U.S.C. § 2410(a) states, in pertinent part:
    [T]the United States may be named a party in any civil action or suit in any district court . . . jurisdiction of the subject matter--
        (1) to quiet title to,
        (2) to foreclose a mortgage or other lien upon,
        (3) to partition,
        (4) to condemn, or
        (5) of interpleader or in the nature of interpleader with respect to,
    real or personal property on which the United States has or claims a mortgage or other lien.

To the extent Brown is attempting to use this suit to challenge the validity of the original tax assessments, those claims also fail. Brown alleges he "has never been properly assessed." (Compl. Ex. 1, ¶ 34.) He also alleges he "has no income effectively connected to a trade or business within the "United States" or any source of income derived from any excise taxable event." (Am. Compl. ¶ 1.) The United States has not waived its sovereign immunity from suits related to assessment and collection of taxes. *See* 28 U.S.C. § 2680(c) (the Federal Tort Claims Act's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax"). Section 2410(a) is also of no help to Brown in this regard. *See Robinson v. United States*, 920 F.2d 1157, 1159 (3d Cir. 1990) ("The principle that a taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability is well-settled.").

Brown also seeks to remove the tax lien from the property (Am. Compl. at 5.) Such relief is clearly prohibited by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . .").

Finally, the Amended Complaint makes no allegations against Defendants Jon and Barbara Winkle except that they were the high bidders when Brown's property was auctioned and that the IRS conveyed title to them. It provides no theory of liability against them, and alleges no facts suggestive of wrongdoing. Accordingly, Brown has not plead "factual content that allows the court to draw the reasonable inference that the [the Winkles are] liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In fact, Brown has alleged no misconduct by the Winkles whatsoever. Accordingly, the complaint against the Winkles is dismissed. *See Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d

Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)" (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980)).

### III.   Conclusion

For the reasons stated above, the Complaint is DISMISSED with Prejudice against all Defendants.


**SO ORDERED.**

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.